McFadden v. Li & Fung Ltd.

C.P. of Monroe County, No. 1182 CIVIL 2013

*Kevin M. Conaboy*, for plaintiffs.
*Platte B. Moring, III*, for defendants.

WILLIMAMSON, *J.*, July 18, 2014—This matter comes before the court on the preliminary objections of defendant Li & Fung, Ltd. to plaintiffs' complaint. The plaintiffs allege Dawn McFadden was injured when she attempted to sit on a swing, manufactured or distributed by Li & Fung, at a Tractor Supply Store, and the swing collapsed. Li & Fung contends there is no cause of action in negligence by the plaintiffs against Li & Fung.

Li & Fung filed preliminary objections under Pa. R.C.P. 1028 (a)(4) for legal insufficiency of a complaint seeking a demurrer. In ruling on these objections, we must accept as true all well-pleaded allegations of the complaint. *Carter-Jones Lumber Co. v. Northwestern PA Humane Society*, 913 A.2d 1002 (Pa. Cmwlth. 2006). A claim may be dismissed by demurrer only where the pleadings allege facts clearly insufficient to establish any right to relief. *Chichester School District vs. Chichester Education Ass'n.*, 750 A.2d 400 (Pa. Cmwlth. 2000). Li & Fung alleges the facts set forth in plaintiffs' complaint fail to set forth any facts sufficient to allow relief for negligence in count IV.

We note the plaintiffs have alleged in the complaint at paragraph 10 that the swing was manufactured and/or distributed "by the defendant, Li & Fung, Ltd." At paragraph 40, contained in count IV, the plaintiffs allege the injuries were due to the carelessness and negligence

of the defendant Li & Fung, Ltd., and consisted of the following:

"a. allowed and permitted a dangerous and defective swing to be on display and accessible to business invitees;

b. failed to maintain the display area in a safe condition;

c. failed to make reasonable inspection of the property which would have revealed the dangerous and defective swing to prevent injuries to the plaintiff;

d. failed to warn the plaintiff and others similarly situated of the dangerous and defective swing."

Plaintiffs' complaint at paragraph 40.

Plaintiffs' complaint at paragraphs 41-44 describe the injuries plaintiff suffered as a result of the alleged negligence. Defendant Barry McFadden has alleged a loss of consortium claim.

Defendant Li & Fung maintain the plaintiffs have to be able to allege that Li & Fung controlled the premises where the accident allegedly occurred. Defendant cites the Superior Court decision in *Smith v. Exxon Corp.*, 647 A.2d 577 (Pa. Super. 2005). However, the Smith case involved a distributor (Exxon) of fuel oil to a convenience store where a person was assaulted. Exxon was found to have no right or obligation as a distributor of products to control the operation of the store, and therefore, could not in any way prevent an assault that occurred at the store. *Id.*

Here, it is alleged that Li & Fung *manufactured and/ or distributed* (emphasis added) a swing that apparently broke while a patron of a store where it was being

displayed and sold sat on it. The negligence alleged in paragraph 40 of the complaint is that Li & Fung allowed and permitted their swing to be on display and accessible to patrons, and failed to warn of a dangerous and defective swing. At a minimum, these allegations support a claim for negligence at this early stage of the action. The injuries are causally connected to a product alleged to have been manufactured and/or distributed by the defendant. If the product was manufactured by Li & Fung, the *Smith* case addressing the duty of a distributor, has no application. Therefore, there did not need to be an allegation of control of premises as to Li & Fung to support plaintiffs' claim for negligence based on the facts set forth in the complaint.

The defendant next contends Li & Fung had to know or have reason to know of the dangerous condition for negligent failure to warn as alleged in paragraph 40(d) of the complaint. We agree that the plaintiffs have failed to set forth facts sufficient to support a claim of negligent failure to warn. There are no allegations that the defendant knew or should have known of the condition, that there was no reason to believe those patrons for which the swing was intended would realize the dangerous condition, or that the defendant failed to exercise reasonable care to inform of a dangerous condition. However, we cannot determine at this time whether or not under any circumstances that plaintiffs cannot recover under a theory of negligence. Therefore, we will deny the request for a demurrer, and order that the plaintiffs file an amended complaint with more specific allegations as to count IV, negligence, as to defendant Li & Fung.

## ORDER

And now, this 18th day of July, 2014, the preliminary

objections in the nature of a demurrer to count IV of plaintiffs' complaint filed by defendant Li & Fung, Ltd. are sustained in part and denied in part. The plaintiffs shall file an amended complaint within thirty (30) days of the date of this order alleging more specific facts in support of negligence in count IV as to defendant Li & Fung, Ltd.